# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRY L. CHILDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CIV-13-164-HE |
| | ) | |
| KATRINA FRECH, DEBBIE MORTON, DEFENDANT JACKSON, LONNIE MORTON, ROBERT DENTON, JO GWINN, JANET DOWLING, and DAVID PARKER (in their individual capacities), | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, has initiated the present action under 42 U.S.C. § 1983 alleging that Defendants conspiratorially retaliated against him for engaging in his constitutionally protected right to file a grievance. United States District Court Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Defendants filed the Court-ordered Special Report, Doc. 27, and a motion to dismiss, Doc. 28.  Plaintiff objected to the Special Report, Doc. 32,[1] but did not respond to Defendants' dispositive motion.  The undersigned recommends that the Court grant Defendants Frech, Jackson, L.

---

[1] Plaintiff's specific objections to the Special Report are not relevant to the findings made herein.

Morton, Denton, Gwinn, Dowling, and Parker's motion to dismiss on grounds of untimeliness. For Defendant D. Morton, the undersigned recommends that the Court grant dismissal based on Plaintiff's failure to sufficiently allege her personal participation.

## II. Plaintiff's claims.

Plaintiff's February 12, 2013 complaint, Doc. 1, at 12,[2] separates his allegations into three counts, but Plaintiff's overriding argument is the same: Plaintiff filed a grievance complaining about medical care, and in response, Defendants conspiratorially retaliated against him in the form of a disciplinary conviction. Doc. 1, at 2-10; *see Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (stating that "petition is deemed 'filed' when the petitioner gives to prison authorities for mailing").

## III. Defendants' motion to dismiss.

In relevant part, Defendants seek dismissal on two grounds. First, Defendants argue that Plaintiff's claims against Defendants Frech, Jackson, L. Morton, Denton, Gwinn, Dowling, and Parker are untimely. Doc. 28, at 15-17. Second, Defendants argue that Plaintiff has failed to state a valid

---

[2] Page citations reflect this Court's CM/ECF pagination.

claim that D. Morton personally participated in the alleged constitutional violations. *Id.* at 17-11. The undersigned agrees with both arguments.[3]

A.  **Standard of review.**

Defendants urge dismissal based on Fed. R. Civ. P. 12(b)(6), which requires the court to consider whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* AR at 9. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In determining whether a claim is "plausible," the court must "draw on its judicial experience and common sense." *Id.* at 679. "Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." *Burnett v. Mortg. Elec. Regist. Sys, Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

Under Fed. R. Civ. P. 12(b)(6), the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to Plaintiff. *See Bryson v. City of Edmond*, 905 F.2d

---

[3]  With these findings, the undersigned has elected not to address Defendants' remaining arguments.

1386, 1390 (10th Cir. 1990). Because Plaintiff referenced, but did not attach,[4] all the central grievance and disciplinary documents, the Court may consider these documents (contained in the Special Report) without converting Defendants' motion to one for summary judgment. *See* Doc. 1, at 4-9; *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) (recognizing that the court must generally convert a motion to dismiss to a motion for summary judgment when considering materials outside the complaint, but holding: "We have recognized however, that a document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute.").

## B. Defendants' defense based on the statute of limitations.

A two-year statute of limitations period governs Plaintiff's § 1983 claims. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) ("The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose, and in Oklahoma, that period is two years.") (citations omitted); Okla. Stat. tit. 12, § 95(A)(3). The undersigned finds that the statute of limitations has expired on

---

[4] Plaintiff indicated that he was attaching these documents as exhibits, Doc. 1, at 4-9, but the undersigned finds no exhibits attached to the complaint.

all of Plaintiff's claims against Defendants Frech, Jackson, L. Morton, Denton, Gwinn, Dowling, and Parker.

### 1. Accrual date.

Federal law controls the accrual date, and for Plaintiff's § 1983 claims, the statute of limitations began to run when he knew or had reason to know of the injury underlying his claims. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004). According to Plaintiff, he filed a grievance on November 9, 2010, complaining about his medical treatment. Doc. 1, at 4. Then, allegedly,

- Defendant Frech brought a retaliatory disciplinary charge against Plaintiff on November 15, 2010, *id.* at 5;

- Defendant Jackson filed the retaliatory disciplinary charge on November 16, 2010, *id.* at 6;

- Defendant L. Morton concluded the investigation on the retaliatory disciplinary charge on November 24, 2010, *id.*;

- Defendant Denton reviewed the investigation report on November 24, 2010, and submitted the retaliatory disciplinary charge for a hearing, *id.* at 7;

- Defendant Gwinn conducted the disciplinary hearing on November 30, 2010, and found Plaintiff guilty, *id.*;

- Defendant Dowling rejected Plaintiff's grievance concerning the ongoing disciplinary proceedings on November 24, 2010, and then affirmed the retaliatory disciplinary conviction on December 1, 2010, *id.* at 8; and

5

- Defendant Parker affirmed Plaintiff's retaliatory disciplinary conviction on January 7, 2011, *id.* at 8-9; *see also* Doc. 27, Attach. 3, at 2.

The undersigned assumes the truth of these allegations, and generously calculating the statute of limitations based on the latest of all the above dates, finds that without tolling, Plaintiff's statute of limitations expired on January 7, 2013, for the claims arising against Defendants Frech, Jackson, L. Morton, Denton, Gwinn, Dowling, and Parker.

### 2. Tolling.

Oklahoma law controls tolling, *see Alexander*, 382 F.3d at 1217, and the State's exceptions to a statute of limitations "are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995). Plaintiff asserts no grounds for tolling, and the court finds no apparent grounds warranting tolling.

### 3. Summary.

The undersigned finds that for Defendants Frech, Jackson, L. Morton, Denton, Gwinn, Dowling, and Parker, Plaintiff's statute of limitations – liberally construed as running from the latest of the above dates − expired on January 7, 2013. Because Plaintiff did not file his complaint until February 12, 2013, his claims against these Defendants are untimely. So, the

undersigned recommends that the Court grant Defendants Frech, Jackson, L. Morton, Denton, Gwinn, Dowling, and Parker dismissal with prejudice.

### C. Defendants' defense based on Defendant Morton's lack of personal participation.

For Defendant D. Morton, Defendants seek dismissal based on her lack of personal participation. Doc. 28, at 17-19. The undersigned agrees with Defendants.

Individual participation is necessary for personal liability under § 1983. *See Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011). To that end, Plaintiff "must plead that [Defendant D. Morton], through [her] own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In particular, an inmate's retaliation claim must "allege *specific* facts showing retaliation because of the exercise of the prisoner's constitutional right." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (citation omitted).

Although Plaintiff accuses Defendant D. Morton of participating in the conspiratorial retaliation, his only factual allegation is that on February 15, 2011, she rejected his disciplinary appeal. Doc. 1, at 9. But an officer's rejection of an appeal standing alone does not amount to individual participation in the underlying constitutional violation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("We agree with the reasoning in our previous unpublished decisions that a denial of a grievance, by itself

without any connection to the violation of constitutional rights alleged by Plaintiff, does not establish personal participation under § 1983.") (citations omitted); *see also Burnett v. Leatherwood*, No. CIV-10-769-M, 2011 WL 4538443, at *6 (W.D. Okla. Aug. 8, 2011) (unpublished recommendation) (finding that plaintiff had failed to state a valid retaliation claim against Debbie Morton where the inmate's only factual allegation was that she rejected his misconduct appeal, and explaining that: "Defendant Morton's liability for retaliatory conduct cannot be based solely on the fact that she was presented with an appeal alleging wrongdoing on the part of [prison] employees . . . ."), *adopted*, 2011 WL 4553114 (W.D. Okla. Sept. 29, 2011) (unpublished order), *aff'd,* No. 13-6118, 2014 WL 630722 (10th Cir. Feb. 19, 2014) (unpublished op.). Accordingly, the undersigned recommends that the Court grant Defendants' motion to dismiss, the claim against Defendant D. Morton without prejudice.

**IV.     Recommendation and notice of right to object.**

Plaintiff's claims against Defendants Frech, Jackson, L. Morton, Denton, Gwinn, Dowling, and Parker are untimely and the undersigned recommends that the Court grant Defendants' motion to dismiss these claims with prejudice. For Defendant D. Morton, Plaintiff has failed to sufficiently

8

allege her personal participation. So, the Court should grant Defendants' motion to dismiss this claim without prejudice.

The parties are advised of their right to file an objection to the report and recommendation with the Clerk of this Court by the 29th day of May, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral in the present case.[5]

ENTERED this 9th day of May, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[5] On May 6, 2014, Plaintiff filed a motion to amend his complaint and attached a copy of the proposed amended complaint. Doc. 35. The undersigned denied the motion on grounds that Plaintiff's proffered amended complaint was illegible in part and failed to provide a short and plain statement of the case. Doc. 36. Notably, the undersigned found no language in the legible sections that would have affected the above findings and recommendation.